**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDISON GLOBAL CIRCUITS, LLC, | § | |
| | § | |
| Plaintiff/Counter Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1207 |
| | § | |
| INGENIUM TECHNOLOGIES | § | |
| CORPORATION, | § | |
| | § | |
| Defendant/Counter Claimant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Edison Global Circuits, filed this breach of contract lawsuit against Ingenium Technologies in this court on April 4, 2011. Edison alleged that Ingenium breached the parties' June 2010 contract by providing a faulty circuit-breaker concept design that had been largely copied from a commercially available circuit breaker. (*See* Docket Entry No. 1). Edison sought reimbursement of the money it had paid to Ingenium ($66,305.59), the cost of hiring a new designer, and consequential damages for project delays while waiting on a new design—for a total of $305,000.00. Edison also sought recovery of its attorneys' fees under § 38.001 of the Texas Civil Practices and Remedies Code. Edison alleged that it had presented a presuit demand for this amount to Ingenium, but Ingenium had refused to pay. (*Id.*, ¶ 28).

Currently before the court is Ingenium's motion for leave to file an amended answer. (Docket Entry No. 16). Ingenium filed this motion, after discovery, seeking to add an affirmative defense that Edison's claim for attorneys' fees is barred because its presuit demand "was excessive in addition to being unreasonable and/or made in bad faith." (Docket Entry No. 16, Ex. D, ¶ 33). In the motion and proposed affirmative defense, Ingenium stated that the presuit demand Edison sent

was for $305,000.00.  During discovery, Ingenium deposed Ray Charles Cole, Edison's corporate representative.  Cole testified that Edison's actual and consequential damages (exclusive of fees, interest, and court costs), as of the date of the demand letter, were approximately $177,906.00. Using the method that Edison stated it was using in the presuit demand letter, its actual damages were approximately $153,000.00.  (Docket Entry No. 16, Ex. C, at 30–31).  The deposition was taken in mid-December 2011.  Ingenium filed the motion for leave in early January 2012.  With this motion, Ingenium also attached a copy of Edison's November 2010 presuit demand letter.  That letter sought $305,600.00, comprising two payments to Ingenium (one for $24,000 and one for $42,305.59), costs paid to the second design firm, lost time, and attorneys' fees incurred to date. (Docket Entry No. 16, Ex. A, at 2).

Edison opposes the motion for leave.  It argues that the proposed affirmative defense neither meets the fair-notice standard nor the plausibility standard required for amendment.  (Docket Entry No. 18).  Ingenium has replied.  (Docket Entry No. 19).

Based on a careful review of the motion and related filings, the parties' submissions, the record, and the applicable law, this court grants the motion for leave to file an amended answer.  The reasons are explained below.

## I.    The Legal Standard

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  "[T]he language of this rule evinces a bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave

to amend[.]" *Id.* (internal quotation marks omitted).  Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).  A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted."  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).  "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility.  *Id.* (internal quotation marks omitted).

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  An affirmative defense, like the complaint, need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  In *Woodfield*, a 1999 case, the Fifth Circuit held that a defendant sufficiently pleaded an affirmative defense by providing enough specificity or factual particularity to give the plaintiff "fair notice."  193 F.3d at 362.  *Woodfield*'s fair-notice pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."  *Id.*  A court makes this determination through a fact-specific analysis. *Id.*

Since *Woodfield*, the Supreme Court has clarified the pleading requirements for a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "[T]he pleading standard Rule 8

announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

As Edison's counsel has recognized, district courts within the Fifth Circuit have divided as to whether *Woodfield*'s fair-notice standard continues to apply to pleading affirmative defenses, or whether *Twombly* and *Iqbal*'s plausibility standard extends to pleading affirmative defenses. *Compare, e.g.*, *Vargas v. HWC Gen. Maintenance, LLC*, Civ. A. No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012) (holding that *Twombly* and *Iqbal*'s plausibility standard applies); *with Floridia v. DLT 3 Girls, Inc.*, Civ. A. No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (holding that *Woodfield*'s fair-notice standard continues to apply).  The Fifth Circuit has not addressed this issue.  This court need not resolve the issue, for Ingenium's proposed affirmative defense meets both standards.

## II.    Analysis

Ingenium did not unduly delay in filing its motion for leave to amend.  It sought leave within weeks after learning of the difference between the damages alleged in the presuit demand and Edison's later position about the damages it had incurred.  Nor will the proposed affirmative defense unduly prejudice Edison.  Amendment will not require additional discovery or inject new issues. The party uniquely in possession of the information about the basis for Edison's presuit demand amount is Edison.  Finally, the proposed affirmative defense meets both the plausibility and fair-notice requirements for a sufficiently pleaded amended answer.

Edison argues that the proposed affirmative defense fails to plead necessary elements of the affirmative defense.  Under Texas law, a creditor who makes an excessive demand on a debtor is not entitled to attorneys' fees for litigation required to recover the debt.  *Findlay v. Cave*, 611

S.W.2d 57, 58 (Tex. 1981); *Barnes v. LPP Mortg., Ltd.*, 358 S.W.3d 301, 308 (Tex. App.—Dallas 2011, pet. filed). A demand is not excessive simply because it exceeds the amount the factfinder later determines to be due. *Barnes*, 358 S.W.3d at 308 (citing *Hernandez v. Lautensack*, 201 S.W.3d 771, 777 (Tex. App.—Fort Worth 2006, pet. denied)). "Although this may be some evidence of an excessive demand, it is not the only factor to consider, especially if the amount due is unliquidated." *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *accord Findlay,* 611 S.W.2d at 58. Instead, the dispositive inquiry for determining whether a demand is excessive is whether the creditor acted unreasonably or in bad faith in making the demand. *Barnes*, 358 S.W.3d at 308 (citing *Hernandez,* 201 S.W.3d at 777). Texas courts limit this rule "to situations in which the creditor refuses a tender of the amount actually due or indicates clearly to the debtor that such a tender would be refused." *Id.* (citing *Findlay,* 611 S.W.2d at 58; *Hernandez,* 201 S.W.3d at 777). Absent bad faith, a demand can be found excessive if it seeks an unreasonable amount from the debtor. *Aero DFW, LP v. Swanson*, No. 2-06-179-CV, 2007 WL 704911, at *3 (Tex. App.—Fort Worth Mar. 8, 2007, no pet.) (citing *Pennington v. Jerry F. Gurkoff, D.O., P.A.*, 899 S.W.2d 767, 772 (Tex. App.—Fort Worth 1995, writ denied)). If a creditor demands an amount to which he is not entitled, that demand is unreasonable and thus excessive. *Id.* (citing *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied); *Ingham v. Harrison*, 224 S.W.2d 1019, 1022 (1949)).

Edison argues that the proposed affirmative defense does not plead facts necessary to show either bad faith or excessiveness. But it is unnecessary for the answer to allege all the evidence required to prove that the demand was unreasonable or made in bad faith. What is required under *Twombly* and *Iqbal* is that the proposed affirmative defense plead facts that would make it plausible

5

for the factfinder to find the presuit demand amount unreasonable or in bad faith. What is required under *Smallwood* is that the proposed affirmative defense be sufficiently articulated so that the plaintiff is not unfairly surprised by its subsequent assertion. Ingenium has done both. Ingenium has pleaded that Edison demanded as out-of-pocket and consequential damages over twice the amount that, according to its own records, it had incurred. This is a plausible basis for finding the earlier demand unreasonable, or in bad faith, and therefore excessive. This "short and plain statement" also put Edison fairly on notice of the basis of Ingenium's claim that Edison is not entitled to recover its attorneys' fees as a result.

Edison argues that the proposed affirmative defense does not allege whether, had it demanded the correct amount, Ingenium would have paid. This assumes, however, that the $177,000 figure is correct, a concession that Ingenium is not required to make in its amended answer. Moreover, neither *Twombly* nor *Iqbal* (nor *Smallwood*) requires Ingenium to plead every basis that must be proven in order to bar Edison from recovering attorneys' fees.

Ingenium's motion for leave to amend, (Docket Entry No. 16), is granted.

SIGNED on May 22, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

6