IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDISON GLOBAL CIRCUITS, LLC, | § | |
| | § | |
| Plaintiff/Counter Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1207 |
| | § | |
| INGENIUM TECHNOLOGIES CORPORATION, | § | |
| | § | |
| | § | |
| Defendant/Counter Claimant. | § | |

**MEMORANDUM AND OPINION**

This is a breach-of-contract lawsuit. In June 2010, the plaintiff, Edison Global Circuits, LLC, entered into a contract with the defendant, Ingenium Technologies Corporation. According to the complaint, the contract required Ingenium to review both older and newer circuit-breaker models and design a breaker for Edison that was based on an older model but that incorporated aspects of newer-model designs. (*See* Docket Entry No. 1, ¶¶ 6–12). The contract stated that the "contracted-for design was not to be based on a new breaker design." (*Id.*, ¶ 11). Ingenium allegedly provided a design that was based on a newer-model breaker, which Edison asserts breached the contract. (*See id.*, ¶¶ 13–14). Edison seeks reimbursement of what it had paid to Ingenium ($66,305.59), the cost of hiring a new designer, and consequential damages for project delays resulting from the need to wait for a new design, for a total of $305,000.00. Edison also seeks attorneys' fees under § 38.001 of the Texas Civil Practice and Remedies Code. Ingenium argues that Edison's "pre-suit demand was excessive in addition to being unreasonable and/or made in bad faith," precluding its recovery of attorneys' fees. (Docket Entry No. 22, ¶ 33). Ingenium has

counterclaimed for breach of contract and quantum meruit, seeking $10,691.21 that it asserts Edison owes for work Ingenium performed. (Docket Entry No. 5).

Edison has moved for partial summary judgment that Ingenium is liable for breach of contract and has no basis for recovery on its counterclaims. (Docket Entry No. 23). Ingenium has responded, and Edison has replied. (Docket Entries Nos. 24, 25). The parties have filed extensive summary judgment evidence based on the discovery they conducted. After careful consideration of the motion, response, and reply; the record; and the applicable law, this court grants in part and denies in part Edison's motion for summary judgment. The motion is denied as to Edison's breach-of-contract claim and Ingenium's breach-of-contract counterclaim. It is granted as to Ingenium's quantum-meruit counterclaim, to the extent that Ingenium is seeking to recover for work done under the parties' contract.

The deadline for submission of the joint pretrial order and motions in limine, currently scheduled for July 22, 2012, is reset to **July 27**. Docket call, currently scheduled for July 27, is reset to **August 3 at 2:00 p.m.** in Courtroom 11-B.

The reasons for these rulings are explained below.

**I.      Background**

On June 28, 2010, Edison and Ingenium entered into a contract under which Ingenium would design a circuit breaker for Edison. (Docket Entry No. 23, Ex. C–2). The contract required Ingenium to review certain types of newer circuit-breaker models. (*Id.*, ¶ 3). It also required Ingenium to review older models and "[d]etermine which older cirucit breaker is the best one to base [the Edison] design and determine the calibration means[.]" (*Id.*, ¶ 4). After that review, Ingenium was to "[m]odify older breaker design" in specified ways. (*Id.*, ¶ 5). One specification was to "[u]se

materials engineering recipe from a modern day circuit breaker (plastics, contacts, etc)[.]" (*Id.*, ¶ 5(a)).

It is undisputed that the primary reason Edison specified an older model as the basis for Ingenium's design was to avoid potential claims of patent infringement. It is also undisputed that, despite Ingenium's offer, Edison declined to include any patent services in the contract, including any review of the design for patent infringement.

The parties' dispute focuses on whether Ingenium provided a "[m]odified older breaker design" as the contract called for, (*id.*, ¶ 5), or whether it instead provided a design based not on an older model but instead a newer model, (*see id.*, ¶ 4). Edison argues the latter and asserts that, based on the summary judgment evidence, no reasonable jury could conclude otherwise.

Ingenium disagrees. It explains that

> [t]he parties' Agreement required Ingenium to select an older model mechanically based circuit breaker and modify it at EGC [Edison]'s request by adding numerous features found only in new model circuit breaker designs. What EGC ask[ed] Ingenium to do via the contract was to turn an older model breaker into a newer model breaker.

(Docket Entry No. 24, ¶ 19 (footnotes omitted)). Ingenium argues that it complied with the contract by providing a design "originally based off of older model circuit breakers utilizing many competitor proven design concepts only included in newer circuit breakers, exactly as EGC contracted for and desired." (*Id.*, ¶ 20). According to Ingenium, it provided a circuit-breaker design that included the aspects of a newer circuit-breaker model, as ¶ 5 of the contract specified. The parties dispute whether Ingenium's modifications exceeded those permitted by ¶ 5 and whether Ingenium based its design on a newer model or an older model.

**II.     The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d

at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### III.   Analysis

Under Texas law, "[t]o recover for breach of contract, a plaintiff must show (1) existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result of the defendant's breach." *Expro Americas, LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2011, pet. filed); *accord Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). The key element in dispute is the third: whether Ingenium breached the contract.

The primary disputed summary-judgment evidence is the extent to which—if at all—Ingenium's design was based on a newer model breaker (specifically, the Square D QO 120CAFI breaker, or "the Square D Breaker") as opposed to incorporating features from a newer breaker as ¶ 5 of the contract expressly specified. The disputes surrounding this evidence and the inferences to be drawn from that evidence are material to determining whether Ingenium complied with the contract by providing a circuit breaker based on an older model but with contractually acceptable—indeed, contractually required—new-model features; or whether Ingenium breached the contract by providing a circuit breaker that incorporated so many new-model features that the design exceeded ¶ 5's specifications and could no longer be said to be based on an older model. These conflicts as to the evidence, and the inferences a reasonable jury could draw from them, preclude summary judgment based on the record.

Additionally, the evidence as to the extent and effect of Edison's participation in and acceptance of Ingenium's design work is conflicting. Although it is unclear whether Ingenium is

arguing waiver as opposed to contract modification or estoppel, the disputes nevertheless add to the difficulty of granting Edison's summary judgment motion on Ingenium's liability for breach of contract based on the current record.

The denial of summary judgment as to Ingenium's liability for breach of contract requires the denial of Edison's motion for summary judgment that it is not liable on Ingenium's counterclaim for failure to pay the amount owed on the last two invoices sent under the contract. Edison's motion for summary judgment on Ingenium's quantum-meruit counterclaim, however, is granted in part. It is granted to the extent that Ingenium seeks to recover payment for work that was covered by the parties' written contract. *See U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000) ("[A] plaintiff may not recover under the general rule of quantum meruit when the claim pleaded fits within the subject matter of a contract between the parties." (citing *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988))); *accord, e.g.*, *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005).

**IV.     Conclusion**

There is significant evidence of close similarities between Ingenium's circuit-breaker design and the Square D Breaker. The record does not establish as a matter of law, however, that these similarities breach the contract, which required that the design be based on an older circuit-breaker model but include a number of features from newer models, such as the Square D Breaker. Edison's motion for summary judgment, (Docket Entry No. 23), is granted in part and denied in part. The motion is denied as to Edison's breach-of-contract claim and Ingenium's breach-of-contract counterclaim. It is granted as to Ingenium's quantum-meruit counterclaim, to the extent that Ingenium is seeking to recover for work done under the parties' contract.

The deadline for submission of the joint pretrial order and motions in limine, currently scheduled for July 22, 2012, is reset to **July 27.** Docket call, currently scheduled for July 27, is reset to **August 3 at 2:00 p.m.** in Courtroom 11-B.

SIGNED on July 11, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge