**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| EDISON GLOBAL CIRCUITS, LLC, § | |
| § | |
| Plaintiff/Counter Defendant, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-1207 |
| § | |
| INGENIUM TECHNOLOGIES § | |
| CORPORATION, § | |
| § | |
| Defendant/Counter Claimant. § | |

**MEMORANDUM AND ORDER**

Edison Global Circuits, LLC ("Edison") asserted a Texas breach-of-contract claim against Ingenium Technologies Corp. ("Ingenium") in a complaint filed on April 4, 2011. (Docket Entry No. 1). Edison asserted that it was entitled to attorney's fees under Texas Civil Practice & Remedies Code § 38.001. (*Id.*, ¶ 28). At the April 26, 2011 scheduling conference, the parties agreed, and the court ordered, "that any attorney's fees issues will be submitted to the court at the end of the case." (Docket Entry No. 13, at 2).

On January 4, 2012, Ingenium filed a motion for leave to amend its answer to assert an "excessive demand" defense to Edison's attorney's fees claim. (Docket Entry No. 16). This court granted the motion on May 22, 2012. (Docket Entry No. 21). Ingenium filed its first amended answer the following day. (Docket Entry No. 22).

The parties filed their joint proposed pretrial order on August 3, 2012. In it, the parties raised a dispute as to which attorney's fees issues would be submitted to the court. The parties agreed that under the scheduling and docket-control order, questions about the amount of fees should be submitted to the court at the end of the case. Ingenium, however, argued that questions about

whether Edison's demand was excessive should be submitted to the jury.  (Docket Entry No. 33, at 9).  Edison and Ingenium filed memoranda with the court arguing their respective positions.  (Docket Entries No. 35, 36).  At a pretrial conference on October 26, 2012, the parties presented oral argument on whether to submit the excessive-demand issue to the jury.  (Docket Entry No. 49).  The court took the matter under advisement and entered a *limine* order instructing the parties not to refer to the excessive-demand issue without leave of court, obtained in advance and outside the jury's presence.  (*Id.*)

The court now finds that based on the previous agreement and court order, the parties' briefing, and the applicable law, the excessive demand issue will be decided by this court rather than by the jury.  The reasons are explained below.

**I.      Excessive Demand as a Defense to Recovering Fees**

"A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008).  To recover attorney's fees under this chapter, the claimant must be represented by an attorney, the claimant must "present the claim to the opposing party or to a duly authorized agent of the opposing party," and "payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented." *Id.*, § 38.002.  Under Texas law, a creditor who makes an excessive-demand on a debtor is not entitled to attorney's fees for litigation required to recover the debt.  *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981); *Barnes v. LPP Mortg., Ltd.*, 358 S.W.3d 301, 308 (Tex. App.—Dallas 2011, pet. filed).  A demand is not excessive simply because it exceeds the amount the factfinder later determines to be due.  *Barnes*, 358 S.W.3d at 308 (citing *Hernandez v. Lautensack*, 201 S.W.3d

2

771, 777 (Tex. App.—Fort Worth 2006, pet. denied)). "Although this may be some evidence of an excessive demand, it is not the only factor to consider, especially if the amount due is unliquidated." *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *accord Findlay*, 611 S.W.2d at 58.

The primary factor is whether the creditor acted unreasonably or in bad faith in making the demand. *Barnes*, 358 S.W.3d at 308 (citing *Hernandez*, 201 S.W.3d at 777). Texas courts limit this affirmative defense "to situations in which the creditor refuses a tender of the amount actually due or indicates clearly to the debtor that such a tender would be refused." *Id.* (citing *Findlay*, 611 S.W.2d at 58; *Hernandez*, 201 S.W.3d at 777). Absent bad faith, a demand can be found excessive if it seeks an unreasonable amount from the debtor. *Aero DFW, LP v. Swanson*, No. 2-06-179-CV, 2007 WL 704911, at *3 (Tex. App.—Fort Worth Mar. 8, 2007, no pet.) (citing *Pennington v. Jerry F. Gurkoff, D.O., P.A.*, 899 S.W.2d 767, 772 (Tex. App.—Fort Worth 1995, writ denied)). If a creditor demands an amount to which he is not entitled, that demand is unreasonable. *Id.* (citing *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied); *Ingham v. Harrison*, 224 S.W.2d 1019, 1022 (1949)).

## II.     Analysis

The parties ask this court to interpret the scope of its scheduling order, entered on the parties' agreement, to submit attorney's fees to the court. (*See* Docket Entry No. 13, at 2). The parties do not dispute that they agreed to submit to the court "any attorney's fees issues." (*Id.*)  Ingenium argues that: (1) an excessive-demand defense is not an attorney's fees issue because the defense, if successful, precludes a fee award; and (2) Ingenium did not know it had an excessive-demand defense until after it agreed to submit fees issues to the court. Ingenium's arguments are foreclosed

3

both by the broad language of the parties' agreement and this court's order, and by the nature of the excessive-demand defense.

As in contract interpretation, the terms Ingenium and Edison agreed to, "unless ambiguous, represent[] the intention of the parties. The intent deduced from this objective matter, not the parties' subjective understandings, is controlling." *Kimbell Foods, Inc. v. Republic Nat'l Bank of Dallas*, 557 F.2d 491, 496 (5th Cir. 1977); *see also Elec. Reliability Council of Tex., Inc. v. May* (*In re Tex. Commercial Energy*), 607 F.3d 153, 158 (5th Cir. 2010) ("The language of [the bankruptcy plan] taken as a whole, if unambiguous, is the controlling expression of the parties' intentions."). The phrase "any attorney's fees issues" in the court order included issues of an allegedly excessive demand.

Excessive demand is an affirmative defense. *Kurtz v. Kurtz*, 158 S.W.3d 12, 21 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Hameed Agencies (pvt) Ltd. v. J.C. Penney Purchasing Corp.*, No. 11–05–00140–CV, 2007 WL 431339, *7 (Tex. App.—Eastland, Feb. 8, 2007, pet. denied). Affirmative defenses "admit the initial sufficiency and completeness of the claim while asserting other grounds for avoiding the normal consequences of that concession." *Pan E. Exploration Co. v. Hufo Oils*, 855 F.2d 1106, 1126 (5th Cir. 1988), *superseded by statute on other grounds as recognized in Fid. & Deposit Co. of Md. v. Commercial Cas. Consultants, Inc.*, 976 F.2d 272, 275 (5th Cir. 1992). Because excessive demand is an affirmative defense, the party asserting it must "plead it, prove it, and obtain findings of fact on its essential elements." *Hameed*, 2007 WL 431339, *7 (citing *Pratt v. Trinity Projects, Inc.*, 26 S.W.3d 767, 769 (Tex. App.—Beaumont 2000, pet. denied); *Essex Crane Rental Corp. v. Striland Constr. Co.*, 753 S.W.2d 751, 758 (Tex.

App.—Dallas 1988, writ denied)).  The requisite factual finding is either bad faith or unreasonableness.  *Barnes*, 358 S.W.3d at 308.

Ingenium concedes that Edison is entitled by statute to seek recovery of its attorney's fees if it prevails at trial.  Ingenium asserts Edison's allegedly excessive demand as "grounds for avoiding the normal consequences of that concession."  *See Pan E. Exploration*, 855 F.2d at 1126.  Because Edison's statutory right to seek attorney's fees is an attorney's fees issue, Ingenium's affirmative defense to Edison's statutory attorney's fees right is also an attorney's fees issue, which the parties agreed to submit to the court.

## III.    Conclusion

The court will decide the excessive-demand issue under the parties' agreement to submit any attorney's fees issues to the court.  (Docket Entry No. 13).

SIGNED on October 30, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge